MAE DE LEAR, PLAINTIFF-RESPONDENT, v. JOSEPH WOLANSKY AND MIRIAM WOLANSKY, DEFENDANTS-APPELLANTS.

Argued October 8, 1930—Decided April 16, 1931.

Before Justices CASE, DALY and DONGES.

For the respondent, *Julius A. Kepsel*.

For the appellants, *Turteltaub & Turteltaub* and *Aaron A. Melniker*.

PER CURIAM.

The appeals are from two judgments in the amount of $500 each rendered for the plaintiff and against the defendants in two actions brought simultaneously in the District Court of the city of Hoboken. In each state of demand the same contract for the purchase and sale of land is set up and damages from the breach thereof alleged. The first action is for the recovery of search fees, survey charges and disbursements. The second is for the recovery of the deposit of $500. Plaintiff was the purchaser and defendants were the vendors; and the defendants are the appellants.

Against the first judgment appellants raise four points.

The first is that the state of demand does not set forth any cause of action. This point is not founded upon any specification filed by the appellants.

The second point is that the trial court erred in denying defendants' motion for a nonsuit. The only reasons given for the motion at the time that it was made were that there had been no survey offered in evidence and that there was no adequate proof of defects in title. There was positive evidence of cost of examining the title, and this was sufficient to carry the case past the nonsuit stage (*Pamph. L.* 1915, *ch.* 159) regardless of proof of survey costs. Likewise, there was evidence of defects in the title sufficient to overcome the motion for nonsuit. The matters now presented in appellants' brief under this point differ considerably from those presented at the trial and, to the extent of such difference, will not be considered.

The third point is that the court improperly admitted the testimony of William A. Kavanaugh, an attorney and counselor-at-law, as to the value of the services of Joseph J. Loori for his services with respect to the title. We find no error in the ruling.

The fourth point is that the trial court erred in rendering judgment for the plaintiff at the conclusion of the case instead of for the defendants. To the extent that the subheadings are properly before us, we conclude that there was no error on the part of the court in rendering the judgment.

The judgment below will be affirmed as to this case.

The district court jurisdiction is, by the statute, limited to suits where the debt, balance, damage or other matter in dispute does not exceed, exclusive of costs, the sum of $500. 2 *Comp. Stat.*, p. 1962, § 30. Where the debt, balance or other matter in dispute exceeds, exclusive of costs, the sum or value of $500, the plaintiff may recover in the District Court a sum not exceeding $500 and costs, though such recovery shall be a bar to the recovery of the residue of the debt, balance or other matter in dispute. 2 *Comp. Stat.*, p. 1964, § 33.

The deposit for which plaintiff sues in the second action is a part of the recovery which plaintiff sought as an incident to the breach of the contract whereby defendants undertook to convey title to her. Plaintiff split her cause of action for the obvious purpose of keeping the suits within the District Court. That she may not do. The first action with its recovery was a bar to the second.

Judgment in the second action will, therefore, be reversed. Costs will accompany each determination.